UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ERNIE KITCHENS                                                                                    PLAINTIFF

v.                                                                   CIVIL ACTION NO. 3:15cv305-DPJ-FKB

PULL-A-PARTS OF JACKSON, LLC                                                          DEFENDANT

ORDER

This employment-discrimination case is before the Court on Defendant Pull-A-Parts of Jackson, LLC's ("PAP") Motion to Dismiss [3]. For the following reasons, PAP's motion is granted, but Plaintiff Ernie Kitchens will be afforded an opportunity to amend his complaint.

I.      Facts and Procedural History

Plaintiff Ernie Kitchens, an employee of PAP, alleges that he "was subjected to ongoing and pervasive discrimination as a result of his race." Compl. [2] at 4. In particular, he claims that PAP "gave preferential treatment to non-African American male employees" and "generally engaged in a pattern of discrimination" by failing to establish standard operating procedures or to discipline employees who harassed Kitchens on the basis of his race. *Id.* Kitchens further alleges that PAP attempted to "disguise [its] discriminatory motives" by treating other African-American employees favorably. *Id.* As a result of this alleged discrimination, Kitchens filed an EEOC charge on September 23, 2014, and he received a right to sue letter on January 23, 2015. *Id.* at 3.

On March 25, 2015, Kitchens filed suit in the Circuit Court of Hinds County, Mississippi, asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981. He also asserted claims of intentional and negligent infliction of emotional

distress.  PAP then removed the case to this Court and filed the instant Motion to Dismiss [3].  The Motion is now fully briefed.  The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard of Review

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)).  To overcome a Rule 12(b)(6) motion, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citation and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements."  *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (citing *Twombly*, 550 U.S. at 556).

III.   Analysis

    A.   Title VII Discrimination Claim

PAP argues that Kitchens' Title VII discrimination claim should be dismissed for failure to state a claim. Kitchens tacitly concedes that the averments found in his complaint lack specificity, but he points to the facts stated in his EEOC charge, which is incorporated by reference into the complaint. *See* Pl.'s Resp. [6] at 1.

Having reviewed the EEOC charge, the Court would agree that it provides sufficient factual content to pass the facial-plausibility test. PAP does not seem to disagree, but it now contends that: (1) the EEOC charge was not attached to the complaint; and (2) the complaint remains insufficient in any event because it merely incorporates the EEOC charge by reference without pleading the facts in the complaint. Def.'s Reply [8] at 1.

As an initial matter, it is not clear whether the Court can consider the EEOC charge. While the Court may consider "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [his] claim," *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 99 (5th Cir. 2000) (first alteration in original) (internal quotation marks and citation omitted), the charge was first attached to *Kitchens' response* to the Motion to Dismiss [64], not the Motion filed by PAP. The issue is not well developed in the briefs, but in any event, the Court concludes that this technical defect can be easily cured by filing an amended complaint that attaches the document.

Turning to PAP's second argument   that the facts stated in the EEOC charge should be spelled out in the complaint   again this is an issue that can be addressed by amendment. PAP contends that if a party took incorporation by reference "to its logical conclusion," the complaint

would no longer comply with Federal Rule of Civil Procedure 10(b).  Def.'s Reply [8] at 1  2.

PAP probably has a point.  This complaint purports to incorporate the EEOC charge, but it never specifies which statements are relied upon for pleading purposes.  Though the facts are not complex, and it is hard to say PAP lacks notice, it does seem that Rule 10(b) becomes punchless if a party incorporates all of the relevant facts under Rule 10(c) without further explanation.  And absent adoption by reference, the present complaint asserts little more than the conclusory statement that PAP discriminated against Kitchens based on his race.  *See Richards v. JRK Prop. Holdings*, 405 F. App'x 829, 831 (5th Cir. 2010) (per curiam) (holding that a mere "assertion of racial discrimination is a legal conclusion that the court is not required to accept and does not suffice to prevent a motion to dismiss").

In any event, Kitchens can easily placate PAP by filing an amended complaint that includes sufficient factual detail.  Dismissal with prejudice due to a clerical error and the decision not to copy and paste the statements from the EEOC charge into the body of the complaint would put form over substance.  *Cf. Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) ("[A] plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing." (Citation omitted)). Accordingly, the Motion is granted, but dismissal is without prejudice to Kitchens' right to amend his Title VII claim.[1]

---

[1] This ruling applies equally to Kitchens' claim under 42 U.S.C. § 1981, though the parties did not separately address it.  *See Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999) ("When used as parallel causes of action, Title VII and section 1981 require the same proof to establish liability.").

B.     State-Law Claims

PAP seeks dismissal of Kitchens' state-law claims on various grounds.  In response, Kitchens agrees to voluntarily dismiss those claims.  PAP's Motion is therefore granted as to those claims, and they are dismissed with prejudice.

C.     Punitive Damages

Punitive damages are available under Title VII.  42 U.S.C. § 1981a(b)(1).  Accordingly, PAP's motion to dismiss the punitive-damage claim is granted without prejudice to Kitchens' right to amend.

IV.     Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, PAP's Motion to Dismiss [3] is granted.  Kitchens' civil-rights claims are dismissed without prejudice and his state-law claims with prejudice.  If Kitchens wishes to pursue this action further, he should file an amended complaint within fourteen (14) days of this Order.  Failure to do so may result in the dismissal of this action without further notice.

**SO ORDERED AND ADJUDGED** this the 30th day of September, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE